UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSHUA GOODRICH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No._____ |
| v. | ) |
| | ) |
| AMERICAN HONDA FINANCE | ) |
| CORPORATION; G.L. LAPIERRE & | ) |
| COMPANY, INC.; and JOHN DOE | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT**

**INTRODUCTION**

The plaintiff, Joshua Goodrich, brings this action under the Fair Debt Collection Practices Act, the Massachusetts Consumer Protection Act and the Service Members Civil Relief Act against American Honda Finance Corporation, G.L. LaPierre & Company, Inc. and G.L. LaPierre & Company's employee, John Doe.  Around March 2011, the defendants wrongfully repossessed the plaintiff's car.  The repossession was wrongful because, among other things, the plaintiff, at the time of repossession, was serving on active duty in the military.  As a result of the defendants' wrongful repossession and other related acts, the plaintiff suffered damages for which he now seeks to recover.

**PARTIES**

1. Plaintiff Joshua Goodrich is an individual consumer residing in Webster, Massachusetts.

1

2. The plaintiff is currently on active duty military service.

3. The plaintiff entered active duty military service in January 2009.

4. Defendant G.L. LaPierre & Company, Inc. ("LaPierre") is a foreign corporation organized under the laws of the Rhode Island with a principal place of business at 673 Douglas Pike, Harrisville, RI 02830.

5. LaPierre is engaged in trade or commerce and uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

6. On information and belief, LaPierre does not maintain a place of business in Massachusetts.

7. On information and belief, LaPierre does not keep assets in Massachusetts.

8. On information and belief, Defendant John Doe is an individual employed by LaPierre. On information and belief, Mr. Doe is engaged in a business the principal purpose of which is the enforcement of security interests.

9. American Honda Finance Corporation ("Honda") is a corporation organized under the laws of the state of California with a principal place of business at 20800 Madrona Avenue, Torrance, CA 90503.

10. Honda is engaged in trade or commerce.

**JURISDICTION AND VENUE**

11. This Court has jurisdiction over the subject matter of this case pursuant to 15 U.S.C. § 1692k, 50 U.S.C. App. § 597, and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

12. This Court has supplemental jurisdiction over the state law claims against the relevant defendants under 28 U.S.C. § 1367(a) as these claims are so related to federal question claims that they form part of the same case or controversy under Article III of the United States Constitution.

13. Venue in this district is proper as the plaintiff resides in this district and the events giving rise to this action occurred here.

## FACTUAL ALLEGATIONS

14. The plaintiff had a car loan debt with Honda.

15. This debt was incurred by the plaintiff for personal, family, or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

16. The debt was incurred in December 2007.

17. The collateral for the debt is a 2007 Honda Odyssey (the "vehicle").

18. The vehicle is a consumer good.

19. The car purchase and debt financing was a consumer transaction.

20. The plaintiff entered active duty military service as defined by 10 U.S.C. § 101(d) in January of 2009 and has remained on active duty since that time.

21. On April 1, 2009 the plaintiff sent Honda a letter advising that he was on active duty with the U.S. Army and was entitled to certain rights under the Servicemembers' Civil Relief Act ("SCRA").  See attached letter, marked Exhibit A.

22. The plaintiff fell behind on his vehicle loan in or around January 2011.

23. In or around March 2011, LaPierre, a repossession company working on behalf of Honda, arrived at the plaintiff's residence and repossessed the vehicle despite the plaintiff's letter advising of his rights under the SCRA.

24. At the time of the repossession, the vehicle was in the plaintiff's driveway.

25. During the repossession, LaPierre entered onto the plaintiff's driveway without the plaintiff's consent in order to tow the vehicle.

26. At no point prior to the repossession did the defendants obtain a judgment or court order for repossession as required by 50 U.S.C. App. § 532(a).

## CLAIMS FOR RELIEF

### Count I

### Violation of the Fair Debt Collection Practices Act

### (Against LaPierre and John Doe)

27. Plaintiff incorporates and realleges the foregoing paragraphs.

28. LaPierre took a nonjudicial action to effect the dispossession or disablement of property when there was no present right to possession of the property claimed as collateral through an enforceable security interest.

29. In doing this, LaPierre violated 15 U.S.C. § 1692f (6)(A).

30. LaPierre's actions caused the plaintiff actual damages.

31. Pursuant to 15 U.S.C. § 1692k, the plaintiff asks the Court to award him statutory damages of $1,000, actual damages, declaratory relief the LaPierre's conduct violated the FDCPA, reasonable attorney's fees, and the costs of this action.

### Count II

### Violation of the Massachusetts Consumer Protection Act

### (Against LaPierre and John Doe)

32. Plaintiff incorporates and realleges the foregoing paragraphs.

33. LaPierre repossessed the plaintiff's car when there was no right to do so under applicable law, namely 50 U.S.C. App. § 532(a).

34. LaPierre's actions constitute an unfair and/or deceptive act and are in violation of M.G.L. c. 93A pursuant to 209 Code Mass. Regs. § 18.17.

35. Moreover, the provisions of 15 U.S.C. § 1692, et seq. and 50 U.S.C. App. § 501 et seq. provide consumer protection and, as such, any violation of those sections is a violation of M.G.L. c. 93A pursuant to 940 Code Mass. Regs. § 3.16.

36. LaPierre's entry onto the plaintiff's property without his contemporaneous consent violated M.G.L. c. 255B, § 20B.

37. Pursuant to M.G.L. c. 255B, § 6, any violation of Chapter 255B is a *per se* violation of M.G.L. c. 93A.

38. LaPierre's unfair and/or deceptive acts in the course of trade or commerce caused the plaintiff injury.

39. Pursuant to M.G.L. c. 93A, § 9, the plaintiff asks the Court to award him up to three but not less than two times his actual damages, statutory damages, reasonable attorney's fees, and the costs of this action.

## Count III

### Violation of the Servicemembers Civil Relief Act

### (Against Honda and LaPierre)

40. Plaintiff incorporates and realleges the foregoing paragraphs.

41. Defendants repossessed the plaintiff's vehicle without a Court order after the plaintiff entered active-duty military service.

42. The defendants' repossession of the plaintiff's vehicle violated 50 U.S.C. App. § 532(a).

43. Defendants' actions caused the plaintiff actual damages, including emotional distress damages.

44. Pursuant to 50 U.S.C. App. § 597b the plaintiff asks the Court to award him damages, declaratory relief that LaPierre's conduct violated the SCRA, reasonable attorney's fees, and the costs of this action.

## Count IV

## Declaratory Judgment

## (Against Honda)

45. Plaintiff incorporates and realleges the foregoing paragraphs.

46. Honda, in effectuating the repossession of the plaintiff's car violated M.G.L. c. 255B, § 20B by entering onto the plaintiff's property without his prior or contemporaneous consent.

47. Any violation of M.G.L. c. 255B, § 20B is an absolute bar to collection of a repossession deficiency.  M.G.L. c. 255B, § 20B(e)(1).

48. Honda, or its agent, is now attempting to collect a repossession deficiency from the plaintiff.

49. The plaintiff seeks a declaration that any such deficiency is legally unenforceable due to Honda's violations of M.G.L. c. 255B, § 20B.

WHEREFORE, the plaintiff, Joshua Goodrich, respectfully requests that this Court:

A. Enter judgment for the plaintiff against LaPierre for actual damages pursuant to 15 U.S.C. § 1692k.

B. Enter judgment for the plaintiff against LaPierre for statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k.

C. Enter judgment Declaring that LaPierre's actions violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.

D. Award the plaintiff reasonable attorney's fees and the costs of this action against LaPierre pursuant to 15 U.S.C. § 1692k(a)(3).

E. Enter judgment against LaPierre for up to three but not less than two times his actual damages, statutory damages, reasonable attorney's fees, and the costs of this action, pursuant to M.G.L. c. 93A § 9.

F. Enter judgment Declaring that defendants' actions violated the Servicemembers' Civil Relief Act, 50 U.S.C. App. § 501 et seq.

G. Enter judgment for the plaintiff against defendants for damages pursuant to 50 U.S.C. App. § 597a.

H. Award the plaintiff reasonable attorney's fees and the costs of this action against defendants pursuant to 50 U.S.C. App. § 597a.

I. Enter judgment declaring that any auto loan deficiency alleged by Honda is legally unenforceable pursuant to M.G.L. c. 255B, § 20B.

J. Grant such other relief that the Court deems just.

**JURY DEMAND**

The plaintiff demands a trial by jury on each count so triable.

8

Respectfully submitted, this 29th day of February 2012.

JOSHUA GOODRICH,

by his attorneys,

*/s/ John B. O'Donnell*
_____
John B. O'Donnell, BBO#673351
Nicholas F. Ortiz, BBO# 655135
Ortiz & O'Donnell
306 Dartmouth Street
Suite 501
Boston, MA 02116
(617) 716-0282